**In re Donna Renee EDWARDS, Debtor.**

**Donna Renee Edwards, Debtor/Movant,**

v.

**Felicia S. Turner, United States Trustee Region 21, Respondent.**

**No. 06–20145.**

United States Bankruptcy Court, S.D. Georgia, Brunswick Division.

April 5, 2007.

R. Flay Cabiness, Bankruptcy Group, LLC, Brunswick, GA, R. Flay Cabiness, III, Hazlehurst, GA, for Debtor.

Matthew E. Mills, Office of the US Trustee, Savannah, GA, for U.S. Trustee.

### *ORDER*

JOHN S. DALIS, Bankruptcy Judge.

Donna Renee Edwards ("Debtor") originally commenced this case by filing a chapter 13 petition on March 17, 2006. Along with her chapter 13 petition, Debtor filed a Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income ("Official Form B22C"). Official Form B22C reflects an income that is below the applicable median family income for Debtor's household. In September of 2006, Debtor converted her chapter 13 case to a case under chapter 7. On February 16, 2007, the Clerk of this Court issued a Notice of Deficiency indicating that Debtor would not receive a chapter 7 discharge because Debtor had not filed a Chapter 7 Means Test form ("Official Form B22A") when she converted her case.

In response to the Notice of Deficiency, Debtor filed a Motion for Order Determining Debtor is in Compliance with the Means Test Filing Requirement and Directing Entry of a Discharge on February 21, 2007 ("Motion"). Debtor asserts that she is not required to file an additional Official Form B22A upon conversion in order to obtain a chapter 7 discharge. Debtor argues that because she is below

the applicable median family income the information reflected on Official Form B22C is the same information that would be reported on an additional Official Form B22A.

The United States Trustee ("UST") concedes that Debtor's income is below the applicable median income. Further, the UST agrees that (1) the presumption of abuse cannot arise in this case and (2) if Debtor filed an Official Form B22A, she would not be required to file an extended version. Therefore, the information on Official Form B22A would be the same as the information reflected on Debtor's already filed Official Form B22C.

Where, as here, a debtor converts a chapter 13 case to a chapter 7 case and Official Form B22C filed in the debtor's chapter 13 case indicates that the annualized current monthly income of debtor's household is below the applicable median income, the debtor has complied with the filing requirement of 11 U.S.C. § 521. Upon conversion, the debtor is not required to file an additional Official Form B22A.

The Motion is therefore **ORDERED GRANTED** relieving this Debtor of filing any additional B22 statement. Discharge will issue promptly.